UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN TREVONE LAMAR III,<br><br>Plaintiff,<br><br>v.<br><br>SONN, TOON, T. LEWIS, and FRANCO.,<br><br>Defendants. | Case No.  1:23-cv-00462-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LAW LIBRARY ACCESS<br><br>(Doc. No. 6)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>AUGUST 8, 2023 DEADLINE |

Devin Trevone Lamar III is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. (Doc. Nos. 1, 5).  Plaintiff's Complaint is pending screening under 28 U.S.C. § 1915A. (Doc. No. 5).  As set forth below, the undersigned directs Plaintiff to show cause why his Complaint should not be dismissed for failure to exhaust administrative remedies. Also pending is Plaintiff's Motion for Law Library Access. (Doc. No. 6).  For the reasons set forth below, the undersigned denies Plaintiff's Motion.

MOTION FOR LIBRARY ACCESS

On May 17, 2023, Plaintiff filed an untitled document addressed "to whom if may concern" in which he states, "I need . . . to be allowed access to the law library here at the County Jail.  I need an order to show cause or a request for an informal response on the case." (Doc. No.

6 at 1). Notably, the document does not contain a caption, i.e., neither the names of the parties nor the case number appears at the top of the document. The document fails to comport with this Court's procedural rules and local rules. (*See* Doc. No. 3 at ¶¶ C, E, F advising pro se prisoner of Fed. R. Civ. P. 7, Local Rules 131, 133). Plaintiff is cautioned that any future deficient pleadings will be stricken. Nonetheless, the Court will address the document, which liberally construed, requests court-ordered access to the prison's law library.

As a prisoner, Plaintiff has a constitutionally protected right of access to courts guaranteed by the Fourteenth Amendment. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). Implicit within this right of access to the courts is the prisoner's right to have access to adequate law libraries or legal assistance from trained individuals. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Id.* at 828 (emphasis added) (footnote omitted). Precedent "does not dictate a minimum number of hours or any other requirement for satisfying the right of access." *Witkin v. Swarthout*, 2013 WL 6054451, at *2 (E.D. Cal. Nov. 15, 2013). "[T]he Constitution does not guarantee a prisoner unlimited access to the law library; prison officials of necessity must regulate the time, manner and place in which library facilities are used." *Harris v. Yates*, 2008 U.S. Dist. LEXIS 3829, *4 (N.D. Cal. 2008) (citing *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). "The fact that a prisoner must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts." *Harris*, 2008 U.S. Dist. LEXIS at *4-5 (citing *Lindquist*, 776 F.2d at 858). Because there is no established minimum requirement for satisfying the access requirement; "a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access." *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir.1989) (internal quotations omitted). The Ninth Circuit has held that for a prisoner to establish that his access to the courts was violated "because of inadequate access to a law library [he] must establish two things: First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury, i.e., show a 'specific instance in which [he] was actually denied access to the courts.'" *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994) (citing *Sands v. Lewis*, 886

2

1  F.2d 1166, 1171 (9th Cir. 1989).

2  Plaintiff does not plead facts sufficient to establish that he is suffering from inadequate access to a law library. He states only that "need[s] to be allowed access to the law library here at the County Jail." (Doc. No. 6 at 1). He also does not plead any facts showing injury from his allegedly inadequate law library access. Additionally, Plaintiff is no longer confined in the Fresno County Jail, so any claims for injunctive relief to jail officials as mooted by his transfer. Thus, Plaintiff's construed motion for law library access is denied.

## PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff acknowledges on the face of his Complaint that he has not exhausted his administrative remedies. (Doc. No. 1 at 3-5). Indeed, Plaintiff admits he did not appeal his claims to the highest level, stating "I was transferred to C.D.C.R." (*Id.*).

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a condition precedent to filing a civil rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citations omitted)). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. *Woodford*, 548 U.S. at 93. A prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. *Id.* at 218. However, courts may dismiss a claim if failure to exhaust is clear on the

1    face of the complaint.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

2           Plaintiff appears to suggest that his failure to exhaust is excused because he was

3    transferred.  There is general agreement among the courts that a prisoner's transfer to another

4    institution does not, by itself, render the grievance procedure unavailable to excuse exhaustion.

5    *Falls v. Perez*, No. 5:19-02311-JWH (ADS), 2023 WL 2558551, at *7 (C.D. Cal. Mar. 6, 2023),

6    *report and recommendation adopted*, No. 5:19-02311 JWH (ADS), 2023 WL 3821160 (C.D. Cal.

7    June 5, 2023) (citing *Beckwith v. McCullough*, No. EDCV16662MWFMRW, 2017 WL 1377732,

8    at *2 (C.D. Cal. Feb. 6, 2017) ("[a] prisoner's transfer to another institution ordinarily does not

9    excuse the failure to exhaust or render the grievance procedure unavailable"); *Howard v. Baca*,

10   No. CV 10–5081 JFW (OP), 2011 WL 55770086 at *5 (C.D. Cal. 2011) (similar); *Flournoy v.*

11   *Navarro*, No. CV 05–7708 PA (FFM), 2008 WL 4184650 at *7 (C.D. Cal. 2008) (similar)).

12          Based on the face of the Complaint, Plaintiff admits he did not exhaust his administrative

13   remedies prior to filing this case.  Accordingly, within fourteen days of the date of service of this

14   Order, Plaintiff shall show cause in writing why this action should not be dismissed for failure to

15   exhaust his administrative remedies.  Plaintiff is warned that if he commenced this action before

16   exhausting his administrative remedies, a dismissal on this basis counts as a strike under 1915(g).

17   *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016).[1]  Alternatively, to avoid a strike,

18   Plaintiff may file a notice to voluntarily dismiss this action without prejudice under Fed. R. Civ.

19   P. 41.  Plaintiff may then refile his claim a new complaint after he fully exhausts his

20   administrative remedies.  Failure to respond to this Order will result in the recommendation that

21   this action be dismissed for failure to exhaust and/or failure to comply with a court order.

22          Accordingly, it is **ORDERED**:

23          1. Plaintiff's construed motion for law library access (Doc. No. 6), is DENIED.

24          **2. No later than August 8, 2023,** Plaintiff shall deliver to correctional officials for

---

[1] Under § 1915(g), prisoners who have brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim.  *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

mailing his response to this Order to Show Cause and explain why this action should not be dismissed for his failure to exhaust his administrative remedies before filing suit. In the alternative, Plaintiff may file a notice of voluntarily dismissal under Fed. R. Civ. P. 41 to avoid a strike by the same date.

     3. Plaintiff's failure to timely to respond to this order may result in the recommendation that this action be dismissed for Plaintiff's failure to exhaust his administrative remedies prior to initiating this action and/or failure to comply with a court order.

Dated:   July 13, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE