UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN TREVONE LAMAR III, | Case No. 1:23-cv-00462-HBK (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO PAY FILING FEE OR FILE UPDATED FINANCIAL INFORMATION |
| v. | |
| SONN, TOON, T. LEWIS, and FRANCO, | OCTOBER 21, 2023 DEADLINE |
| Defendants. | |
| | ORDER DISCHARGING ORDER TO SHOW CAUSE |

Plaintiff Devin Trevone Lamar III, who is proceeding pro se, has filed a notice of change of address reflecting that he has been released from detention. (*See* Doc. No. 9). Because Plaintiff initiated this action while a prisoner and was granted leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 (Doc. No. 5), he is "required to pay the full amount of a filing fee" under the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915(b)(1). Based on Plaintiff's "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint," 28 U.S.C. § 1915(a)(2),

---

[1] The PLRA also requires, *inter alia*, the Court to screen the complaint under 28 U.S.C. § 1915A and requires a prisoner to exhaust his administrative remedies properly and fully before binging a suit in federal court.

1  the Court granted Plaintiff IFP, assessed the full $350.00 filing fee, [2] did not assess an initial filing

2  fee under § 1915(b)(1), and directed the "agency having custody" over Plaintiff to forward to the

3  Clerk of Court both the initial, if applicable, and any subsequent monthly payments required

4  "until the filing fees are paid," in full. (Doc. No. 5): *See* § 1915(b)(2); *see also Andrews v. King*,

5  398 F.3d 1113, 1119 (9th Cir. 2005); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

6        Due to Plaintiff's release, the fee collection provision is now unenforceable, and the Court

7  no longer has the means to collect the fees owed by Plaintiff. *See DeBlasio v. Gilmore*, 315 F.3d

8  396, 399 (4th Cir. 2010) (noting that, after a prisoner is released, there is "no 'prisoner's account'

9  from which to deduct . . . payments"). Although the Ninth Circuit has yet to decide how a

10 released prisoner who is obligated to "pay the full amount of a filing fee" under 28 U.S.C. §

11 1915(b)(1) may proceed IFP after he has been released, *see Putzer v. Attal*, 2013 WL 4519351, at

12 *1 (D. Nev. Aug. 23, 2013) (noting the "unresolved issue within the Ninth Circuit regarding the

13 application of the Prison Litigation Reform Act (PLRA) pauper application requirements in cases

14 where the prisoner is released *pendente lite, i.e.*, during the litigation"), other circuits and district

15 courts in California have found the statutory language of § 1915(b)(1) requires released prisoners

16 to pay the amounts still due after their release if they wish to continue to prosecute their action.

17 *Gay v. Tex. Dep't of Corr.*, 117 F.3d 240, 241–42 (5th Cir. 1997); *In re Smith*, 114 F.3d 1247,

18 1251–52 (D.C. Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897–99 (7th Cir. 1997); *Townsend*

19 *v. Rendon*, 2022 WL 1462181, at *2 (E.D. Cal. April 1, 2022) (directing released inmate to

20 "either pay the filing fee in full or submit a complete[d] application to proceed in forma pauperis

21 by a non-prisoner"); *Makoni v. Downs*, 2016 WL 7210403, at *4 (S.D. Cal. Dec. 13, 2016)

22 (denying released prisoner's initial IFP motion and requiring supplemental post-release IFP

23 motion); *Flynn v. Canlas*, 2015 WL 8492503, at *4 (S.D. Cal. Dec. 10, 2015) (same); *Adler v.*

24 *Gonzalez*, 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) (requiring "updated IFP application"

25 of released prisoner because court "ha[d] before it no evidence that Plaintiff [remained] a

---

[2] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $52.00. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

pauper," and the "[c]ircumstances that undoubtedly contributed to his impoverishment, *i.e.*, imprisonment, no longer exist"); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (remanding fee payments to district court in order to "review [plaintiff's] present economic situation and fit a fee to the economic facts if [he was] still interested in pursuing his claim").

Consequently, for this case to proceed further, Plaintiff must pay $ 350.00 (the total amount that remains due toward the $350.00 filing fee) in one lump sum no later than October 21, 2023 if he wishes to continue to prosecute this action. If Plaintiff cannot pay this amount in one lump sum, Plaintiff shall file a renewed motion to proceed IFP accompanied by the enclosed financial form completed and signed to under penalty of perjury by this same date. Plaintiff must provide a complete picture of his current financial situation, including an explanation as to his ability to provide basic necessities for himself. Plaintiff must include any information relating to any financial assistance he receives, the amount of this assistance, and the name of the entity providing this assistance. The Court will then review the renewed application and if appropriate set a monthly payment schedule for the remainder of the $350.00 filling fee.[3]

On July 13, 2023, the Court issued a Show Cause Order directing Plaintiff to show cause why the Court should not dismiss this case for failure to exhaust his administrative remedies prior to initiating this action. (Doc. No. 7). On July 25, 2023, Plaintiff timely responded to the show cause order. (Doc. No. 8). Consequently, the Court will discharge the Order to Show Cause but will not screen the Complaint (Doc. No. 1) pursuant to 28 U.S.C. § 1915A until Plaintiff either pays the $350.00 filing or files a renewed application to proceed *in forma pauperis* signed to under penalty of perjury.

ACCORDINGLY, it is **ORDERED**:

1. **No later than October 21, 2023**, Plaintiff must pay $ 350.00 (the total amount that remains due toward the $350.00 filing fee) in one lump sum by cashier's check, money order, or personal check, payable to the Clerk of Court. Plaintiff shall include his name and case no. 1:23cv00462-HBK on the check.

---

[3] "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial filing fee." 28 U.S.C. § 1915(b)(4).

   2.  If Plaintiff cannot pay this amount in one lump sum, Plaintiff, by this same date, shall file a renewed motion to proceed IFP accompanied by the enclosed financial form completed and signed to under penalty of perjury.

   3.  The Clerk of the Court shall enclose a blank AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) with this Order for Plaintiff's use, if appropriate.

   4.  If Plaintiff fails to comply with this Order by either paying $350.00 in one lump sum or submitting a completed AO 239 renewed IFP application, the case may be dismissed for Plaintiff's failure to prosecute and/or as a sanction for Plaintiff's failure to obey a court order.[4]

   5.  The Court discharges the Order to Show Cause (Doc. No. 7).  The discharge of the Order to Show Cause is not a ruling on the merits of whether Plaintiff properly and fully exhausted his administrative remedies prior to initiating this action.

Dated: September 20, 2023

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff may also by the same date file a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1) should he wish to voluntarily dismiss this suit and refile it in a new action to be exempt from the PLRA.