UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN TREVONE LAMAR, III,<br><br>    Plaintiff,<br><br>    v.<br><br>SONN and TOON,<br><br>    Defendants. | Case No. 1:23-cv-00462-HBK (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m) and Fed. R. Civ. P. 41(b)<br><br>MARCH 8, 2024 DEADLINE |

On January 5, 2024, the Court found service of Plaintiff's Complaint appropriate as to Defendants Sonn and Toon and directed Plaintiff to complete service documents and return them to the Court within 30 days. (*See* Doc. No. 14). The Court warned Plaintiff that "[t]he failure to comply with this order will result in dismissal of this action." (*Id*. at 2, ¶ 5). To date, Plaintiff has not returned the service documents and the time to do so has expired.

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

A "pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint" after "having provided the necessary information to help

effectuate service" under 28 U.S.C. § 1915 and Rule 4. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); accord, *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)).

When service cannot be accomplished due to the pro se plaintiff's failure to submit the required information, and the plaintiff fails to remedy the situation after being put on notice, dismissal without prejudice is appropriate. *Walker*, 14 F.3d at 1421-22 (holding that prisoner failed to show cause why his claims against prison official should not be dismissed under Rule 4(m) when prisoner failed to show "he provided the marshal with sufficient information to serve [the defendant]").

Because Plaintiff has failed to submit the documents, Plaintiff is directed to show good cause why the defendants should not be dismissed under Rule 4(m) and/or why the Court should not dismiss this case for Plaintiff's failure to prosecute this action and comply with the Court's January 5, 2024 Order. *See* Fed. R. Civ. P. 41(b); Local Rule 110.

Accordingly, it is **ORDERED**:

1. No later than March 8, 2024, Plaintiff shall either return completed the service documents previously provided by the Court; or, show good cause why the Defendants should not be dismissed under Federal Rule of Civil Procedure 4(m) and/or why this case should not be dismissed under Fed. R. Civ. P. 41(b) and/or Local Rule 110 for Plaintiff's failure to prosecute this action and comply with a Court Order.

2. Plaintiff is further advised, that if he fails to timely respond to this Order, the undersigned will recommend the district court dismiss this action.

Dated:   February 20, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE