1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    DEVIN TREVONE LAMAR, III,                    Case No. 1:23-cv-00462-HBK (PC)

12                  Plaintiff,
                                                   ORDER REFERRING CASE TO EARLY
13          v.                                     ADR AND ORDERING STAY OF CASE

14    CORPORAL SOUN and CORPORAL                   DEADLINE TO OPT OUT DUE BY:
      TOON,
15                                                 **AUGUST 16, 2024**
                    Defendants.
16

17

18          Plaintiff Devon Trevone Lamar, III, is a state prisoner proceeding pro se and *in forma*

19    *pauperis* on his Complaint brought pursuant to 42 U.S.C. § 1983 as screened.  (Doc. Nos. 1, 13).

20    As set forth in the Court's November 13, 2023 Screening Order, Plaintiff's Complaint  stated a

21    cognizable Eighth Amendment  claims against Defendants Soun and Toon.  On May 14, 2024,

22    Defendants filed an Answer to the Complaint.  (Doc. No. 19)[1].

23          The Court refers all civil rights cases filed by pro se individuals to early Alternative

24    Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively.

25    *See also* Local Rule 270.  Attempting to resolve this matter early through settlement now would

26    save the parties the time and expense of engaging in lengthy and costly discovery and preparing

27    [1] In their Answer, Defendants acknowledges Defendant Soon's surname is incorrectly spelled.  (Doc No.
      19 at 1).  The Court will direct the Clerk to correct the caption with the correct spelling of Defendant
28    Soun's surname.

substantive dispositive motions.  The Court therefore will STAY this action to allow the parties

an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement

discussions, or agree to participate in an early settlement conference conducted by a magistrate

judge.  If after investigating Plaintiff's claims and meeting and conferring, either party finds that a

settlement conference would be a waste of resources, the party may opt out of the early settlement

conference.

Accordingly, it is **ORDERED**:

1.      **The Clerk shall STAY this action until further order** to allow the parties an

opportunity to settle their dispute.  The parties may not file any pleadings or motions during the

stay period.  Further, the parties shall not engage in formal discovery until the Court issues a

Scheduling and Discovery Order.

2.      No later than **August 16, 2024**, the parties shall file a notice if they object to

proceeding to an early settlement conference or if they believe that settlement is not currently

achievable.

3.      If neither party has opted out of settlement by the expiration of the objection

period, the Court will assign this matter by separate Order to a United States Magistrate Judge,

other than the undersigned, for conducting the settlement conference.

4.      If the parties reach a settlement prior to the settlement conference, they SHALL

file a Notice of Settlement as required by Local Rule 160.

5.      The Clerk of Court shall correct the caption on the docket to reflect the correct

spelling of Defendant Soon's surname to "SOUN."


Dated:     June 14, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE