UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN TREVONE LAMAR III, <br><br> Plaintiff, <br><br> v. <br><br> SOUN and TOON, <br><br> Defendants. | Case No. 1:23-cv-00462-HBK (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL <br><br> Doc. No. 29 |

Pending before the Court is Plaintiff's motion for appointment of counsel filed on December 2, 2024. (Doc. No. 29). Devin Trevone Lamar III is a former state prisoner proceeding pro se and *in forma pauperis* in this civil rights action alleging excessive use of force against Defendants. (Doc. Nos. 5, 13).

Plaintiff seeks appointment counsel because he cannot afford counsel, he has been unable to obtain legal representation, he is not schooled in the law, and he believes his case is complex. (*See generally* Doc. No. 29). For the reasons set forth below, the Court denies the Plaintiff's motion for appointment of counsel.

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996), did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend

a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). First, Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Nor is Plaintiff's inability to find counsel "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010). Plaintiff's purported lack of general knowledge of the law and/or how to litigate a case are normal challenges faced by *pro se* litigants but do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants."). And contrary to Plaintiff's assertion, this case is not complex.

Moreover, this case remains at the discovery stage with Defendants' almost fully ripe[1] exhaustion-based motion for summary judgment pending. Thus, at this stage of the proceedings, Plaintiff cannot show at this stage a likelihood of success on the merits. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Reed v. Paramo*, No. 18CV361-JLS (LL), 2020

---

[1] Defendants' reply, if any, to Plaintiff's opposition to the exhaustion-based motion for summary judgment is due today, December 16, 2024. Local Rule 230(l).

WL 2767358, at *1 (S.D. Cal. May 28, 2020) (holding it was too early to determine plaintiff's likelihood of success on the merits because fact discovery had not been completed).

Accordingly, it is **ORDERED**:

Plaintiff's motion for appointment of counsel (Doc. No. 29) is DENIED.

Dated:   December 16, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE